UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACQUELINE CHARLERY,

                          Plaintiff,

                          -v-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK and THE BOARD OF
EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

                          Defendants.

15-CV-7994 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

       Plaintiff Jacqueline Charlery brings this action under the Americans with Disabilities Act (the "ADA"), alleging discrimination and retaliation. (Dkt. No. 3 ("Compl.").) Defendant the Department of Education of the City of New York[1] ("DOE") moved for judgment on the pleadings. (Dkt. No. 20.) The Court issued an Order informing the parties that it intended to convert the motion for judgment on the pleadings to a motion for summary judgment and gave them time to respond. (Dkt. No. 28.) For the reasons that follow, the DOE's motion, converted to a motion for summary judgment, is granted.

**I.    Background**

       The following facts are undisputed, except where otherwise noted.

       Charlery is a special-education teacher who has been employed by the DOE since 1989. (Comp. ¶ 7.) Charlery has been on a leave of absence since she was injured in a school bus accident on March 30, 2015. (*Id.* ¶ 19.) She alleges that her situation should qualify her for a

---

[1] The Department of Education of the City of New York is a name under which the Board of Education of the City School District of the City of New York, the other named Defendant, operates.

1

line of duty injury, but that her claim was unfairly denied based on her disability and that she faced retaliation in 2014 as a result of her advocacy on behalf of her daughter, who also has a disability. (*Id.* ¶¶ 20-29.)

Charlery initiated this action in New York Supreme Court on September 28, 2015, and the DOE subsequently removed it to this Court. (Dkt. No. 1.) She filed the operative Amended Complaint on November 3, 2015, which the DOE answered on January 8, 2016; the DOE filed an amended answer on May 31, 2016. (Compl.; Dkt. No. 15.)

This lawsuit, however, is not Charlery's first action against the DOE. Charlery previously sued the DOE in connection with injuries sustained when she slipped on school premises in January 2010 (the "Tort Action"). (*See* Dkt. No. 22-1; Compl. ¶ 10.) The parties settled the Tort Action in 2015. In connection with that settlement, Charlery signed a release of claims and received payment of $35,000. (Dkt. No. 22-3.) In the "General Release," signed on October 26, 2015, Charlery agreed to:

> [R]elease and forever discharge [the DOE] from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which [Charlery] had, now has or hereafter can, shall, or may have . . . against the [DOE] for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE.

(*Id.*)

On November 10, 2016, the DOE moved for judgment on the pleadings, arguing that the General Release precludes this action. (Dkt. No. 20.) The Court notified the parties that it intended to convert the DOE's motion for judgment on the pleadings into a motion for summary judgment because of the centrality of the General Release to the DOE's arguments. (Dkt. No. 28

at 1.) The parties subsequently filed supplemental briefs addressing the motion as a summary judgment motion. (Dkt. Nos. 29, 31.)

**II. Legal Standard**

Where materials outside the pleadings are presented on a motion for judgment on the pleadings, Federal Rule of Civil Procedure 12(d) permits the Court to convert the motion into a motion for summary judgment, provided that the parties are given notice and a reasonable opportunity to respond. Fed. R. Civ. P. 12(d); *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009).

The Court may grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if, considering the record as a whole, a rational jury could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"On summary judgment, the party bearing the burden of proof at trial must provide evidence on each element of its claim or defense." *Cohen Lans LLP v. Naseman*, No. 14 Civ. 4045, 2017 WL 477775, at *3 (S.D.N.Y. Feb. 3, 2017) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). "If the party with the burden of proof makes the requisite initial showing, the burden shifts to the opposing party to identify specific facts demonstrating a genuine issue for trial, *i.e.,* that reasonable jurors could differ about the evidence." *Clopay Plastic Prods. Co. v. Excelsior Packaging Grp., Inc.*, No. 12 Civ. 5262, 2014 WL 4652548, at *3 (S.D.N.Y. Sept. 18, 2014). The court views all evidence "in the light most favorable to the nonmoving party" and summary judgment may be granted only if "no reasonable trier of fact

3

could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotation marks omitted).

**III. Discussion**

As a threshold matter, the Court first concludes that it is appropriate to convert the DOE's motion for judgment on the pleadings into a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d). The Court gave the parties notice and an opportunity to respond—and, indeed, both parties did respond and neither disputed the conversion of the motion into a motion for summary judgment. (*See* Dkt. Nos. 28, 29, 31.) Accordingly, conversion is appropriate. *See, e.g.*, *Loccenitt v. City of N.Y.*, No. 10 Civ. 8319, 2012 WL 5278553, at *2 (S.D.N.Y. Oct. 22, 2012).

The DOE argues that it is entitled to summary judgment because Charlery waived her claims against the DOE by signing the General Release in the earlier Tort Action. (Dkt. Nos. 21, 31.) In her response to the motion, Charlery does not contest the relevance or applicability of the General Release, or any of the facts as described by the DOE—Charlery has not submitted a statement of disputed facts but has merely re-submitted the same affidavit that she submitted in response to the motion for judgment on the pleadings. (*Compare* Dkt. No. 30, *with* Dkt. No. 25.) Instead, she claims that the General Release is invalid because she did not enter it knowingly and voluntarily. (Dkt. No. 29.)

An employee is permitted to waive discrimination and retaliation claims brought under the ADA provided that such waiver is made "knowingly and voluntarily" based on the "totality of the circumstances." *Douglas v. N.Y. Presbyterian Hosp.*, No. 15 Civ. 9473, 2016 WL 7046817, at *3 (S.D.N.Y. Dec. 2, 2016) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir. 1998)). In assessing the totality of the circumstances, courts in the Second Circuit consider several factors, none of which is individually dispositive:

4

> (1) [T]he plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Id.* (quoting *Bormann v. AT&T Commc'ns, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989)).

Considering these factors makes clear that Charley entered the release agreement knowingly and voluntarily, based on the undisputed facts described by the parties. The plainly written, one-page agreement clearly waives all claims against the DOE, and does so in language broad enough to unambiguously include the claims raised in this action. (*See* Dkt. No. 22-3 (releasing "the City of New York" and its agencies "from any and all claims, causes of action, suits," and other liability "that occurred through the date of th[e] RELEASE").) Moreover, Charley was represented by an attorney throughout the Tort Action and received $35,000 in exchange for the waiver. (*See id.*; Dkt. No. 22-2.) Though Charley claims she has no experience with similar such agreements, she is a college-educated teacher who works for the DOE, which suggests that she could understand the release. *See, e.g.*, *Bachiller v. Turn On Prod., Inc.*, No. 00 Civ. 8701, 2003 WL 1878416, at *4 (S.D.N.Y. Apr. 14, 2003) (finding a High School Equivalency Diploma to be sufficient to assume understanding of a waiver and release), *aff'd*, 86 F. App'x 465 (2d Cir. 2004).

It may be the case that the facts that the General Release was a form agreement drafted by the DOE and that Charley signed it on the day it was given to her counsel tend to weigh against a finding that her waiver was knowing and voluntary. (*See* Dkt. No. 30.) But these facts are overwhelmed by her representation by counsel, which she does not claim was inadequate.

Charlery argues that the General Release should not be enforced because she did not realize that it would bar this lawsuit. However, the release was signed *after* the initiation of this action, and given her representation by counsel in both actions, Charlery is presumed to have understood the scope of the General Release and its relationship to this lawsuit. Hindsight regret is insufficient justification to free a party from an agreement that she knowingly and voluntarily entered.

Charlery also asks the Court to apply the more stringent standard for waiver of claims under the Age Discrimination in Employment Act ("ADEA") to her claims under the ADA. *See* 29 U.S.C. § 626(f). However, Charlery cites no court applying the ADEA standard to claims under the ADA. That is because the ADEA standard does not apply to claims under the ADA. *See Laramee v. Jewish Guild for the Blind*, 72 F. Supp. 2d 357, 360 (S.D.N.Y. 1999).

## IV. Conclusion

For the foregoing reasons, the DOE's motion for summary judgment is GRANTED.

The Clerk of Court is directed to close the motions at Docket Number 20 and to close the case.

SO ORDERED.

Dated: May 15, 2017
       New York, New York

                                              J. PAUL OETKEN
                                          United States District Judge